IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENT R. DELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 25-cv-138-SMY |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |
| | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Kent R. Dell, presently an inmate of the Federal Bureau of Prisons and incarcerated at USP Marion, brings this habeas action pursuant to 28 U.S.C. § 2241. Dell pleaded guilty to possession with intent to distribute methamphetamine and possession of a firearm by a felon. *See United States v. Dell*, 18-CR-30029-MJR (Doc. 33). He was sentenced to 180 months' imprisonment and 8 years of supervised release. *Id.* at Docs. 33, 36. He now seeks to challenge the computation and implementation of First Step Act of 2018 good time credits (Doc. 1).

This matter is now before the Court for preliminary review of the Petition. Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, including the instant case.

The calculation or execution of a federal prisoner's sentence can be challenged in a Section 2241 petition. *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). However, before a court can consider such a claim, the petitioner must exhaust administrative remedies. *Clemente v.*

*Allen*, 120 F.3d 703, 705 (7th Cir. 1997).  The Bureau of Prisons has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. §542.10(a).

Here, Dell submitted a Regional Appeal that he classified as "sensitive", alleging that the administrative remedy process (including the filing of a BP-9) is ineffective and prolongs his incarceration upon calculation of his FSA eligibility.  The appeal was denied, the issue was found to be "not sensitive", and Dell was instructed to pursue his request at the appropriate level by regular procedures and filing a BP-9 request through USP Marion for the warden's review and response.  Since Dell has failed to comply with the procedures of the Administrative Remedy Program, he has failed to exhaust his administrative remedies.

Accordingly, and without making any decision on the merits of Dell's claim, this Court must dismiss the Petition for failure to exhaust administrative remedies.  The Clerk of Court is **DIRECTED** to enter judgment accordingly and **CLOSE** this case.

IT IS SO ORDERED.

DATED:  February 12, 2025

STACI M. YANDLE
**United States District Judge**